The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
Defendant moved the Full Commission to dismiss plaintiff's appeal pursuant to Rule T305 of the Tort Claim Rules of the North Carolina Industrial Commission on the grounds that plaintiff did not timely file her brief and was 3 days late in so doing. The Commission, in its discretion, waives Industrial Commission Rule T305 regarding the timely filing of briefs and instead decides this matter based on a review of the Deputy's Decision and Order.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. The plaintiff/claimant (hereinafter "claimant") alleges that she was injured as the result of the negligence of defendant University of North Carolina Hospitals on October 23, 1991.
2. The claimant filed a claim in Superior Court in Chapel Hill on October 21, 1994.
3. The claimant filed the present claim with the Industrial Commission on December 7, 1994.
4. The present claim before the Industrial Commission was filed more than three years after the date of the alleged injury and the claimant is responsible, by her own actions, for the failure to timely file her claim in the appropriate forum.
5. The defendant is not responsible for claimant's decision to file an action in the improper forum.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
All claims against any and all state departments, institutions, and agencies shall be forever barred unless a claim is filed with the Industrial Commission within three years. Since claimant did not file her claim within 3 years of October 23, 1991, her claim is barred by this statute of limitations. Further, there being no evidence presented to support a claim of estoppel on behalf of the claimant, claimant does not succeed on an estoppel theory. Finally, since the Industrial Commission lacks both jurisdiction over the subject matter and over the person and there is no remedy by estoppel, defendant's Motion to Dismiss is granted. N.C. Gen. Stat. § 143-299.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
NOW, THEREFORE, IT IS ORDERED that the defendant's Motion to Dismiss Pursuant to Rules 12(b)(1), (2), and (6) of the North Carolina Rules of Civil Procedure and pursuant to N.C. Gen. Stat. § 143-299 is hereby, and the same shall be, granted.
This order is to take effect on June 1, 1995, the date of the hearing before the Deputy Commissioner.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER